UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE CUMMINGS BONNER III,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REBECCA L. CLAYS *et al.*,<br><br>　　　　Defendants. | Case No.  C05-5431RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**March 24th, 2006** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  There are four named defendants in this action. (Dkt. # 6).  The named defendants are Rebecca L. Clays, Jayme Rudloff, Tabra Zander, and Thomas Walsh.  Mr. Walsh is represented by separate counsel from the other defendants and has filed a motion to dismiss. (Dkt. # 26).  The allegations against Mr. Walsh are separate from the allegations against the remaining defendants. (Dkt. # 6, page 3).  Plaintiff alleges Mr. Walsh is a medical provider at the Stafford Creek Corrections Center and that Mr. Walsh did not come to see him in spite of several requests for treatment and threats of suicide.  Plaintiff alleges he then attempted to commit suicide.

　　　　Defendant Walsh contends his failure to see plaintiff would be covered as a grievable act of an employee and plaintiff has a duty to exhaust the grievance system before filing this action. (Dkt. # 26).

1  Plaintiff has not responded to the motion. The other defendants do not oppose the motion and have filed a
2  separate motion to dismiss that is noted for February 24th, 2006. (Dkt. # 30). As the claims against defendant
3  Walsh are separate and distinct from the claims against the other defendants the court will consider the motions
4  separately.

5  Plaintiff's failure to respond to the motion is significant. Under Local Rule 7, failure to respond to a
6  motion may be deemed by the court as a admission that the motion has merit. The factual contentions raised by
7  defendant Walsh have not been controverted and the court accepts that this defendants actions were grievable
8  and plaintiff did not file a grievance.

9  DISCUSSION

10  The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior
11  to filing a complaint in federal court. The relevant portion of the act states:

12  No action shall be brought with respect to prison conditions under section 1983 of this title,
    or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
13  until such administrative remedies as are available are exhausted.

14  42 U.S.C. § 1997e(a).

15  Here, plaintiff filed this action while incarcerated and the act applies to him. The United States
16  Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the
17  quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled
18  corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is
19  now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal
20  standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting
21  Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion
22  requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S.
23  at 520.

24  Plaintiff has failed to exhaust available remedies prior to filing and this action. Accordingly, his claims
25  against defendant Walsh should be **DISMISSED WITHOUT PREJUDICE**.

26  CONCLUSION

27  The Court should **DISMISS WITHOUT PREJUDICE** all claims against defendant Walsh as
28  plaintiff failed to exhaust available administrative remedies. Defendant Walsh should be dismissed from the

REPORT AND RECOMMENDATION
Page - 2

action. A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 24th, 2006**, as noted in the caption.

DATED this 21st day of February, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge