UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE CUMMINGS BONNER III,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REBECCA L. CLAYS *et al.*,<br><br>　　　　　Defendants. | Case No.  C05-5431RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 14th, 2006** |

　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  There are four named defendants in this action. (Dkt. # 6). The named defendants are Rebecca L. Clays, Jayme Rudloff, Tabra Zander, and Thomas Walsh.  Mr. Walsh has moved for dismissal and a report and recommendation is pending on his motion.  Defendants Clays and Zander now move to dismiss for failure to exhaust administrative remedies. (Dkt. # 30).  Plaintiff has not responded to any motion and the last entry from plaintiff is a change of address filed August 17th, 2005. (Dkt. # 8).  Plaintiff alleges the actions of the defendants and verbal abuse from them caused him to attempt suicide.  This is an Eighth Amendment claim for cruel and unusual punishment and failure to protect.

　　Plaintiff's failure to respond to the motion is significant.  Under Local Rule 7, failure to respond to a

REPORT AND RECOMMENDATION
Page - 1

motion may be deemed by the court as a admission that the motion has merit.  The factual contentions raised by defendants Clay and Zander have not been controverted and the court accepts that the defendants actions were grievable and plaintiff did not exhaust the grievance process.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court.  The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him.  The United States Supreme Court determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002).  By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally.  Where exhaustion was once discretionary, it is now mandatory. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter v. Nussle, 534 U.S. 516 (2002) (quoting Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court ruled that "§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter, 534 U.S. at 520.

Plaintiff has failed to exhaust available remedies prior to filing this action.  Accordingly, his claims against defendants Clay and Zander should be **DISMISSED WITHOUT PREJUDICE**.

## CONCLUSION

The Court should **DISMISS WITHOUT PREJUDICE** all claims against defendants Clay and Zander as plaintiff failed to exhaust available administrative remedies.  Defendants Clay and Zander should be dismissed from the action.  A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474

U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 14th, 2006**, as noted in the caption.

DATED this 16th day of March, 2006.

                                                  Karen L. Strombom
                                                  United States Magistrate Judge